IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER CALDWELL, #260823, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-CV-255-WHA |
| ) | (WO) |
| DR. DARBOUZE, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Christopher Caldwell, an indigent state inmate, in which he challenges the constitutionality of medical treatment provided to him at the Easterling Correctional Facility for a possible STD.

The order of procedure entered in this case instructed Caldwell to immediately inform the court of any new address. Doc. No. 2 at 4, ¶7 ("The plaintiff shall immediately inform the court . . . of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action."). The docket indicates that Caldwell received a copy of this order. However, the postal service returned as undeliverable orders entered herein (Docs. No. 7, 8 and 9) because Caldwell no longer resided at the last address he had provided to the court.

Based on the foregoing, the court entered orders requiring Caldwell to inform the court of his current address on or before July 14, 2017. Docs. No. 8 and 9. The first of

these orders directed Caldwell to "show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. No. 8 at 1. The court "specifically cautioned [Caldwell] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed." *Id*. at 1-2. The court provided a copy of this order to Caldwell at his address of record and at the address for Caldwell maintained by the Alabama Department of Corrections on its inmate database, http://doc.state.al.us/InmateSearch. Doc. No. 9. Caldwell failed to provide his current address as directed by these orders.

Due to the lack of a response from Caldwell, the court entered an order directing "that on or before August 12, 2017 [Caldwell] shall show cause why this case should not be dismissed for his failure to comply with the orders of this court regarding provision of a correct address and his failure to adequately prosecute this action." Doc. No. 12 at 1. The court advised Caldwell that it "will issue no further orders allowing him the opportunity to provide the court with his current address. ***The plaintiff is specifically cautioned that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed***." *Id*. at 2 (emphasis in original). Again, the court mailed this order to Caldwell at both his address of record and the address maintained by the Alabama Department of Corrections. The docket demonstrates that Caldwell received at least one copy of this order.

As of the present day, the court has received no response from Caldwell to any of the above described orders. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Caldwell is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Caldwell has failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears that Caldwell is simply no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

The parties may file objections to the Recommendation on or before **September 9, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general

3

objections will not be considered by the court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of August, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE